**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GELILA TESFAMICHAEL,
Petitioner,

v.

No. 97-2423

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A29-925-130)

Submitted: June 23, 1998

Decided: July 17, 1998

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Richard S. Bromberg, Washington, D.C., for Petitioner. Frank W.
Hunger, Assistant Attorney General, Christopher C. Fuller, Senior
Litigation Counsel, Madeline Henley, Office of Immigration Litiga-
tion, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gelila Tesfamichael petitions this court for review of the order of the Board of Immigration Appeals (Board) upholding the immigration judge's decision denying her application for asylum and denying her application for a withholding of deportation. We deny the petition for review.

Tesfamichael, a native and citizen of Ethiopia, entered the United States as a non-immigrant visitor for pleasure with permission to stay until December 31, 1990. On August 16, 1994, deportation proceedings were commenced against Tesfamichael because she had overstayed her visa. She submitted an asylum application in April 1995. At her hearing, Tesfamichael admitted that she had overstayed her visa and conceded her deportability. She requested asylum, withholding of deportation, and, alternatively, voluntary departure.

Tesfamichael testified the Mengistu government required every Ethiopian who completed twelfth grade to perform three months of basic education, which involved teaching reading, writing, arithmetic, and political doctrine to illiterate individuals. On the day that Tesfamichael was scheduled to report, she was ill with food poisoning. Two government officials went to her home, arrested her, questioned her about her absence, detained her for fifteen days in a cold and crowded room without beds, and served her one meager meal per day. When she was released, Tesfamichael was warned that if she were absent again, she would be imprisoned for six months. Tesfamichael completed her teaching requirement and then left Ethiopia for political reasons.

After her departure, a transitional government took power in Ethiopia. Tesfamichael testified that her family suffered under this government. Her father, an official with the Ministry of Agriculture during

2

the Mengistu regime, was imprisoned, and his whereabouts are unknown; her mother was dismissed from her job as a secretary for Ethiopian National Airlines; and her sister was arrested and imprisoned for a year for attending an anti-government demonstration that she did not in fact attend. Tesfamichael attributed these events to the transitional government and its hostility toward the Amharic ethnic group, of which Tesfamichael and her family are members.

Tesfamichael also presented evidence that while in the United States, she became an active member of a group called the Coalition for Ethiopian Democratic Forces (COEDF). As a COEDF member, she participated in demonstrations and wrote articles for publication. Tesfamichael testified that she believes that if she returns to Ethiopia, she will be arrested or killed for her activities with COEDF, or because of her ethnicity. She sought asylum based on her previous treatment under the Mengistu government and based on her fear of the transitional government.

The immigration judge found Tesfamichael credible, but found that her imprisonment prior to departing Ethiopia did not constitute persecution within the meaning of the Immigration and Naturalization Act. The immigration judge also noted that Tesfamichael's delay in applying for asylum weakened her claim and that her participation in COEDF was nominal. Further, because of the changes in government, the immigration judge rejected Tesfamichael's claim of a well-founded fear of persecution on account of family ties, ethnicity, or COEDF membership if she returned to Ethiopia. The immigration judge denied her requests for asylum and for withholding of deportation but granted her request for voluntary departure.

The Board noted that Tesfamichael's delay in applying for asylum did not reflect negatively on her claim and that her membership in COEDF was not necessarily nominal or an effort to"bootstrap" her asylum claim, but nonetheless dismissed the appeal. Tesfamichael filed a timely petition for review in this court.

To be eligible for asylum, an alien must show persecution or a well-founded fear of persecution in his native country on account of race, religion, nationality, membership in a social group or political opinion. See 8 U.S.C.A. §§ 1101(a)(42)(A), 1158(a) (West 1970 &

3

Supp. 1998). A well-founded fear of persecution is established if a reasonable person in the circumstances would fear persecution on one of the five enumerated bases. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992) (citing M.A. v. U.S. INS, 899 F.2d 304, 311 (4th Cir. 1990) (en banc)).

Tesfamichael's claim of persecution is based on her fifteen-day imprisonment for failing to report for teaching duty and the threat of six-months imprisonment should she again fail to report. Although she was confined in a dark and overcrowded room and she received only one meal a day, she does not allege that she was physically harmed or even threatened with physical harm. See Sharif v. INS, 87 F.3d 932, 935 (7th Cir. 1996) (for conduct to amount to "persecution" it must threaten death, imprisonment, or the infliction of substantial harm or suffering); Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994) (persecution construed to require showing of infliction of harm or suffering); Kapcia v. INS, 944 F.2d 702 (10th Cir. 1991) (no past persecution where applicants arrested, detained, beaten, and suffered adverse treatment at work). We find substantial evidence supports the Board's conclusion that this experience does not amount to persecution within the meaning of § 1101(a)(42). Further, we agree with the Board that Tesfamichael failed to establish that her alleged persecution was "on account of" one of the statutory bases. Rather, the fifteen days imprisonment was due to Tesfamichael's failure to report for her teaching duties.

Tesfamichael failed to present evidence of a clear probability that she would be persecuted by the transitional government on account of her race, religion, membership in a social group, nationality, or political opinion. Accordingly, we uphold the Board's finding that Tesfamichael failed to show a well-founded fear of future persecution. See M.A., 899 F.2d at 315.

Tesfamichael also contends that the Board erred in failing to address her challenge to the immigration judge's findings that her delay in filing her asylum application weakened her claim, and that her membership in COEDF was nominal or an attempt to bootstrap her asylum claim. However, the Board expressly declined to adopt these findings by the immigration judge. Therefore, those findings are not subject to review in this court. See Balazoski v. INS, 932 F.2d 638,

4

640 (7th Cir. 1991); <u>Elnager v. U.S. INS</u>, 930 F.2d 784, 787 (9th Cir. 1991) (immigration judge's error harmless where Board corrected error on appeal).

Because she failed to sustain her burden of proving that the evidence in the record compels a reversal of the Board's decision, <u>see</u> <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992), we deny Tesfamichael's petition for review of the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

5